UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL
## JS - 6

| | | | |
|---|---|---|---|
| Case No. | CV 08-3821 DSF (MANx) | Date | 8/12/08 |
| Title | Uneeda Enterprises, Inc. dba Brag Sales, Inc. v. Dekar Industries, Inc., et al. | | |

Present: The Honorable    DALE S. FISCHER, United States District Judge

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING in Part and DENYING in Part Plaintiff's Motion To Remand Action to State Court and Request for Costs and Fees Against Karawia, KII, IPS, Dekar, Shamrock, Penrod, Miyahara and Prindle Decker and Amaro, Michael Amaro and, Gareeb and Pham, and Alexander Gareeb in the Amount of $15,000.00. (Docket No. 16)

Before the Court is Plaintiff's Motion To Remand Action to State Court and Request for Costs and Fees ("Motion"). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the following reasons, the Court GRANTS in part and DENIES in part Plaintiff's Motion.

## I. FACTS

On October 16, 2006, Plaintiff Uneeda Enterprises, Inc. dba Brag Sales, Inc. ("Uneeda") filed a Complaint in Los Angeles Superior Court. (Notice of Removal of Action ("Removal") ¶ 1.) The Complaint asserted claims for (i) breach of contract, (ii) goods sold and delivered, (iii) sale of goods under the UCC, (iv) fraud, and (v) RICO violations against Defendants Dekar Industries, Inc., Sam Karawia, Tomoko Miyahara, and Does 1-50. (Id.)

On March 22, 2007, Plaintiff filed a First Amended Complaint. (Mot. Ex. 1 at 1-28.) On August 7, 2007, Plaintiff filed a Second Amended Complaint, adding a fraudulent conveyance cause of action, and adding Gary Penrod and Shamrock Acquisition Corp. as additional defendants. (Id. Ex. 1 at 1-27; Removal ¶ 3.) On November 14, 2007, Plaintiff filed a Third Amended Complaint. (Mot. Ex. 1 at 1-26.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

On May 29, 2008, Plaintiff served Doe Amendments on Defendant Karawia at his deposition, naming Karawia Industries, Inc. as Doe 1, and International Protective Services, Inc. as Doe 2.  (Removal ¶ 5.)  Defendants Karawia Industries, Inc. and International Protective Services, Inc. (the "Doe Defendants") removed this action on June 11, 2008, claiming that this action is removable pursuant to 28 U.S.C. §§ 1331 and 1441 because Plaintiff's RICO claim arises under federal law.  (Id. ¶¶ 8-14.)  On July 11, Plaintiff timely filed a Motion To Remand.

## II.  LEGAL STANDARD

Federal Courts "strictly construe the removal statute against removal jurisdiction. . . .  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. . . .  The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(b) (emphasis added).  The Ninth Circuit favors remanding procedurally defective removals.  See Cantrell v. Great Republic Ins. Co., 873 F.2d 1249, 1256 (9th Cir. 1989).

## III.  DISCUSSION[1]

### A.  Removal Is Improper Under the First-Served Rule

Courts are split on the issue of permitting removal by later-served defendants after the 30-day removal period had elapsed after service on the first-served defendant.  The Ninth Circuit has "express[ed] no opinion" on the issue.  United Comp. Sys., Inc. v. AT&T Corp., 298 F.3d 756, 763 n.4 (9th Cir. 2002).

A number of courts have adopted the First-Served Rule, whereby the 30-day removal period begins as to all defendants on the date the first-served defendant receives the initial complaint.  See Brown v. Demco, Inc., 792 F.2d 478, 482 (5th Cir. 1986) (adopting the First-Served Rule because permitting a newly added defendant to remove the case after four years of litigation in state court would allow for a second opportunity at forum-shopping, would further delay the progress of the suit, and would be more

---

[1] The Court declines to deny Plaintiff's Motion on the grounds of his alleged noncompliance with Local Rule 7-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

unfair to the plaintiff than to the last-joined defendant); McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226-29 (C.D. Cal. 2000) (collecting cases and remanding action based on the First-Served Rule where case had been litigated in state court for approximately 20 months and the removing Doe defendant had been added almost a year and a half after service on original defendant); Olsen v. Found. Health Plan, et al., No. C 99-1804, 1999 WL 390842, at *2 (N.D. Cal. 1999) (applying First-Served Rule).

Other courts have adopted the Last-Served Rule, whereby "a later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants." Brierly v. Alusuisse Flexible Packaging, Inc. 184 F.3d 527, 533 (6th Cir. 1999); see also Marano Enters. of Kan. v. Z-Teca Rests., L.P., 254 F.3d 753, 756-57 (8th Cir. 2001) (interpreting the Supreme Court's opinion in Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), as an indication that the Supreme Court favors the Last-Served Rule); Bonner v. Fuji Photo Film, 461 F. Supp. 2d 1112, 1116-19 (N.D. Cal. 2006) (collecting cases and adopting the Last-Served Rule).[2]

Application of the First-Served Rule is appropriate based on the facts in this case. The Doe Defendants advised the Court that only Defendant Dekar Industries, Inc. was not served with the October 16, 2006 Complaint on or about October 16, 2006. (See Removal ¶ 1.) The Court concludes that Defendants Sam Karawia and Tomoko

---

[2] The Court disagrees with courts that have found that the Supreme Court's decision in Murphy Bros. is indicative of a preference for the Last-Served Rule. In Murphy Bros., the Supreme Court held that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." 526 U.S. at 347. In that case, plaintiff faxed a copy of the complaint to the defendant three days after filing, engaged in settlement negotiations with defendant, and then officially served the complaint on defendant fourteen days after initially transmitting the fax. Id. at 348. When defendant removed the case 30 days after service but 44 days after informally receiving the faxed copy of the complaint, plaintiff moved to remand to state court on the grounds that removal was not timely. Id. at 348-49. The Supreme Court rejected plaintiff's contention, holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Id. at 347-48. Murphy Bros. is inapposite because the case involved improper service on one defendant, and therefore did not consider the question of whether proper service on one defendant in a multiple-defendant action triggers the 30-day removal period for all current and subsequently-served defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

Miyahara were properly served on or around that time,[3] and Dekar Industries, Inc. was served at a later time.[4]  The federal RICO cause of action that formed the basis for the Removal was first asserted in the October 16, 2006 Complaint.  (Id.)  Defendants Karawia, Miyahara, and Dekar Industries, Inc. were therefore on notice of the federal question raised by Plaintiff's complaint and had ample opportunity timely to remove this action at the commencement of this litigation.  Instead, they waived their right to seek removal directly and let the case linger in state court for almost two years.  See Cantrell, 873 F.2d at 1256.

Although the Doe Defendants were not served until May 29, 2008, Plaintiff asserts that the Doe Defendants were added because they are alter egos of Defendants Sam Karawia and Dekar Industries, Inc.  (See Removal Exs. B & C.)[5]  If the Doe Defendants are alter egos of Sam Karawia and Dekar Industries, Inc., then the Court would not provide those named defendants with a second opportunity to forum-shop and further delay the proceedings by permitting them to remove this action after litigating this case in state court for approximately 21 months.  See Brown, 792 F.2d at 482.  The unfairness of this to Plaintiff outweighs any unfairness to the Doe Defendants.  See id.

If the Doe Defendants are not alter egos of Sam Karawia and Dekar Industries, Inc., then they would not be prejudiced by a remand order because the state court could dismiss them from this action on the grounds that they are not alter egos of any Defendant.

The Court adopts the First-Served Rule.  The Doe Defendants' Removal is untimely because it was not commenced within thirty days of the date the first-served defendant received the initial complaint.  Accordingly, Plaintiff's Motion To Remand is GRANTED.

### B. Attorneys' Fees and Costs Are Not Warranted

Plaintiff's request for attorneys' fees and costs is DENIED.  Although the removal appears to be a tactical attempt to escape state court jurisdiction on the eve of trial, the Removal was objectively reasonable.  An award of attorney's fees and costs is not

---

[3] Although the date of service is not specified in the Removal or in the parties' briefs, service presumably was effectuated prior to Defendants filing a Demurrer and Motion To Strike, which occurred prior to Plaintiff filing a First Amended Complaint in March 2007.  (See Removal ¶ 2; Mot. Ex. 1 at 1-28.)

[4] Defendants do not allege that Dekar Industries, Inc. was never served.

[5] The Court declines to hold an evidentiary hearing on whether the Doe Defendants are alter egos of Defendant Karawia and Dekar Industries, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

warranted under 28 U.S.C. § 1447(c) or 28 U.S.C. 1446(a).

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is GRANTED in part and DENIED in part.  The Court GRANTS Plaintiff's request for remand and DENIES Plaintiff's request for attorneys' fees and costs.
The Court REMANDS this action to the Superior Court of California, County of Los Angeles.


IT IS SO ORDERED.